OPINION of the Court, by
Judge Boyle.
— -The question in this case is, whether the vendor, who warrants the title of land from him and his heirs, and those claiming under him, is responsible for the purchase money in case the vendee is evicted by a title not derived from the vendor ?
That he is not liable upon the covenant of warrant}', does not admit of a possible doubt ; that he has been guilty of any fraud or wrong, is not pretended :• and upon what principle a man who is guilty of no wrong-, and bound by no contract, can be made responsible, ⅛ is difficult to conceive.
In a covenant of warranty which is widened or narrowed at the pleasure of the parties, when they have once settled its limits by their agreement, which they have clothed with the solemnities of a deed, no presumption or implication of an engagement beyond the terms of the agreement expressed in the deed can be admitted. If the vendor covenant to warrant against the title of A. only, upon what principle of reason or of right can it be implied or presumed that he undertakes to be responsible for an eviction by B. ? Such a presumption would be as contrary to law, as it is irrecon-cileable to reason.
But those who maintain the doctrine of the liability of the vendor, contend that the title having proved defective, the consideration upon which the money was paid has failed, and that in equity the money ought to be refunded. The fallacy of this position will readily be perceived, by attending to the nature of the transaction. The vendor, apprehensive that his title may not be an indefeasible one, refuses to warrant it. The ven-dee agrees to accept a conveyance without warranty, and to run the risk of the title : but for this reason refuses to give a full price. If the title turn out to be valid, the vendee is a gainer by making this kind of purchase ; and, according to the maxim, “ cujus commodum, ejus debet esse incommodum,” he ought, in case the title proves defective, to sustain the loss. But on the supposition of the liability of the vendor to refund, the vendee, though he may gain, in no event can be a loser ; whilst, on the other hand, the vendor, who loses *510 in the price of his land, can in no event be a gainer». What sort of equity is that which destroys all equality between the parties, and sets up a principle for-the sole benefit of the one, and to the disadvantage of the other ?
But in fact there is no failure of consideration. The title of the vendor, and the chance of gaining by giving for it less than the land is worth, is the consideration which induced the vendee to .purchase. Of this consideration he has had the full benefit. As well might a man, who stakes his money upon the most equal chances, after the event has happened against him, allege that the consideration had failed, and seek for a repetition of the money because his chance of winning was gone.
The doctrine of the liability of the vendor to refund the purchase money, is as untenable on the score of authority, as it is unsound in principle. The English books, it is believed, do not, indeed, furnish any case in which the point has been directly adjudicated. The question was, however, in the case of Busby vs Greenslate, 1 Stra. 445, incidently decided. The vendor without warranty was, in that case, allowed to be a witness to prove the title of the vendee. The competency of the vendor as a witness for this purpose, could only have been predicated upon his irresponsibility in caso the title should prove defective., Fonblanque, in his Treatise upon Equity, book 1, chap. 5, § 8, mentions the doctrine of the right of the vendee to recover bark the purchase money in strong terms of reprobation. Evans, in his Essays, p. 20, lays it down as an established point of law, “ that after a conveyance is made, the purchaser, ia case of eviction, has no claim to a repetition for want of a title in the seller, unless the seller was guilty/ of a íraüd by knowinglv concealing the defect.” Other authorities to this effect might fee cited, but more, it is conceived, are unnecessary.
The judgment of the circuit court, having sustained the claim of the vendee to recover back the purchase money,-is erroneous, and muse be reversed with costs..